76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daisy Del Carmen HERRERA-GUEVARA; Dana Martha
Zuniga-Herrera, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 30, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daisy del Carmen Herrera-Guevara, and her minor child Dana Martha Zuniga-Herrera, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their requests for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a), and granting voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 Herrera-Guevara contends that the evidence presented compels a finding that she suffered past persecution and has a well-founded fear of future persecution on account of her actual or imputed anti-Sandinista political opinion.
 
 
 4
 We review for abuse of discretion the BIA's denial of asylum. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We review factual findings underlying the determination for substantial evidence, and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id.
 
 
 5
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158, 1101(a)(42)(A); Singh v. Ilchert, 63 F.3d 1501, 1505 (9th Cir.1995). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The objective component may be satisfied by specific documentary evidence or by an applicant's credible and persuasive testimony. See Singh, 63 F.3d at 1506.
 
 
 6
 Herrera-Guevara bases her claim for asylum on: (1) her refusal to actively support Sandinista activities while employed at a state-run hospital; (2) threats and harassment from "militant Sandinista" co-workers and others who blamed her for turning in a co-worker who stole medicine from the pharmacy, ultimately resulting in her resignation from the hospital; (3) encounters with the police who questioned her regarding thefts at the hospital; and (4) her common-law husband's resignation from the Ministry of the Interior.
 
 
 7
 Substantial evidence supports the BIA's determination that Herrera-Guevara did not establish past persecution or a well-founded fear of persecution by the Sandinistas on account of her political opinion or on account of a political opinion imputed to her because of her relationship with her common-law husband.
 
 
 8
 The record supports the BIA's finding that Herrera-Guevara's problems in the hospital were related to a personal dispute with co-workers because she reported the criminal activities of fellow employees. Although Herrera-Guevara's co-worker called her a counterrevolutionary for her failure to support Sandinista activities, the threats and harassment did not begin until she denounced two co-workers for stealing drugs. Moreover, it appears from the record that many of the threats Herrera-Guevara received were from family members of one of the individuals that she accused. Accordingly, Herrera-Guevara's belief that the harassment and threats she encountered were connected to her lack of political support for the Sandinistas is insufficient to compel a finding of political persecution. See Zayas-Marini v. INS, 785 F.2d 801, 806 (9th Cir.1986) (finding that threats by government officials were of a personal nature because they arose after the applicant voiced opposition to their corrupt practices); see also, Shirazi-Parsa, 14 F.3d 1424, 1427 (9th Cir.1994) (noting that this court's disagreement with the BIA's evaluation of the facts is not sufficient to warrant reversal).
 
 
 9
 Substantial evidence also supports the BIA's determination that Herrera-Guevara failed to substantiate her claim that she would face persecution on account of her common-law husband's difficulties with the Sandinistas. Herrera-Guevara's common-law husband resigned from his investigatory job with the Ministry of the Interior in 1987, two years prior to the beginning of her problems at the hospital in 1989. Following his resignation, he was subjected to harassment, threats, and one severe beating. Herrera-Guevara provided no evidence that she was ever harmed or threatened as a result of her common-law husband's resignation. Moreover, Herrera-Guevara's common-law husband currently resides and works in Nicaragua, apparently without incident. Accordingly, Herrera-Guevara failed to sustain her burden of proof that she was or would be harmed on account of her actual or imputed political opinion. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (holding that "attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the [applicant]," and noting that the undisturbed presence of family members in the home country is relevant to the evaluation of the applicant's fear).
 
 
 10
 On August 2, 1995, Herrera-Guevara filed a motion in this court seeking an indefinite stay of the appellate proceedings pending a determination of her current husband's affirmative application for asylum, pending since March 1992. We deny the motion. See Berroteran-Melendez, 955 F.2d at 1255.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3